RODRÍGUEZ, PLAINTIFF AND APPELLEE, v. MAYMÍ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action
of Debt.

No. 2912.—Decided January 19, 1925.

DEBT—EVIDENCE.—The evidence for the defendant showing that the check for
whose amount he was sued was not delivered to him by the creditor, in whose
possession it remained for delivery to the clerk of the district court for the
payment of another debt for the same amount sued for by another creditor,
and that neither the latter nor the clerk cashed the check, and the plaintiff
not having rebutted the testimony of the defendant to the effect that he had
received no consideration for the promissory note given in exchange for the
check, or even exhibited the check duly canceled, the complaint was dismissed
for failure to state a cause of action and the counter-complaint praying for
the interest paid by the defendant on the check was sustained.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellants.

*Messrs. L. Pereyó Quiñones* and *C. Iriarte, Jr.,* for the
appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Vicente Rodríguez Ortiz obtained a judgment for the
amount of a promissory note which reads as follows:

"I promise to pay to the order of Vicente Rodríguez Ortiz within
one year from the first day of the present month the sum of $1,000
which he advanced me as a loan, with interest at the rate of 10%
per annum payable at the end of each calendar month. The said
amount was furnished me by Rodríguez Ortiz by check No. 164 of
this same date drawn by him in my favor on the American Colonial
Bank, Caguas Branch, and I have used the same in payment of a
debt for a like amount for which I was sued in the District Court
of Humacao formerly pending in favor of Luther R. Bostick and
which was sold at public auction by the marshal of said court to
Juan Alejandro, for which reason I now send that check to the
secretary of the said district court in discharge of that indebtedness.
In case of litigation I submit to the jurisdiction of the courts at
the domicile of the holder of this paper and agree to pay the costs,
disbursements and attorney's fees. Caguas, Puerto Rico, August
10, 1926. Rafael Maymí: his mark. Witness, J. M. Solá."

The secretary of the district court testified that he never

received the check mentioned in the promissory note as the consideration for the promise to pay. The defendant stated that the check was not in fact delivered to him, but was held by Rodríguez, who is also an attorney, for delivery to the secretary; also that Luther R. Bostick, prior to his demise at Ashville, N. C., transferred the original promissory note to H. J. Bostick; that a demand had been made on the defendant in the name of the said transferee by a person whose name was given and who is well known in local business circles, for the payment of such original promissory note and that the plaintiff was well informed in this regard before the present action was brought.

Documentary evidence was also introduced tending to show a transfer by the payee named in the original note of all his real and personal property used in or connected with the development and management of certain tobacco plantations owned by said Bostick near Caguas, Porto Rico.

We may also add in passing that upon answering the complaint the defendant filed a cross-complaint for the recovery of interest paid by him to plaintiff before discovering the assignment and transfer last above mentioned.

Although the plaintiff personally appeared at the trial, he neither took the stand nor exhibited the canceled check nor attempted to show any consideration other than the unfulfilled promise to deposit the check with the secretary or to refute in any way the statement made by the defendant under oath that he had never received directly or indirectly anything of value as a consideration for the note first above mentioned.

The judgment appealed from must be reversed and in lieu thereof the judgment of this court will be entered in favor of defendant and cross-complainant for the amount of interest paid by him to plaintiff and cross-defendant, together with costs pursuant to the prayer of the cross-complaint.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.